## MARY E. ELSON, APPELLANT, *v.* GEORGE MURRAY, JR., AND JOHN J. MURRAY, RESPONDENTS.

*Practice — appeal to the County Court — security upon — when a new surety will be required to execute the undertaking where the surety thereon has with the appellant's knowledge sworn falsely as to his pecuniary responsibility.*

APPEAL from an order of the County Court of Cortland county, directing the appellant to furnish a good surety on her undertaking upon an appeal to that court within a specified time, or that in default thereof her appeal should be dismissed. The motion to dismiss the appeal was made upon the ground " of the insufficiency and irresponsibility, and insolvency of appellant's surety."·

The court at General Term said : " A judgment was recovered against the plaintiff for costs in a Justices' Court, July 6, 1880. On the 9th day of July, 1880, she appealed to the County Court and gave her husband as security. He justified on that day before the county judge in the sum of $200, and the county judge approved the surety.

" It now appears by his testimony that at that time he was not worth a dollar, and that he knew he was not worth $200. It fur-ther appears that on the 14th day of May, 1880, he had been examined in proceedings supplementary in the presence of his wife, the present plaintiff, and had testified that he had no property of any kind. These facts are not denied by her. On this proof the county judge dismissed the appeal, unless the appellant should file an undertaking under section 3050, Code Civil Procedure.

" This is not a case where a surety has become insolvent after sign-

ing the bond or undertaking. It is the case of a plain fraud on the court, effected by perjury. The plaintiff knew when the surety signed the undertaking that he had no property. Her attorney suggested to the surety that he should execute the undertaking. Thus, through her attorney, she procured the undertaking to be made. The surety knew that he was making a false affidavit, as he now says; and no one denies this.

"The court properly dismissed the appeal. In a case of such fraud the court was not required to give leave to file another undertaking. But that privilege was granted, and the plaintiff can avail herself thereof, if she chooses to do so."

*O. Porter*, for the appellant.

*F. Hatch*, for the respondents.

Opinion *Per Curiam*.

Present — LEARNED, P. J.; BOARDMAN and BOCKES, JJ.

Order affirmed, with ten dollars costs and printing disbursements.